HERALD CATLETT *et al.*

*v.*

JOHN H. DOUGHERTY *et al.*

*Filed at Springfield September 23, 1885.*

1. ARBITRATION AND AWARD—*attempt by one of the parties to improperly influence an arbitrator—ground for setting aside the award.* It is sufficient to authorize a court of equity to enjoin a suit at law upon an award, and set aside the award, that one of the parties in interest made a statement to one of the arbitrators, in the absence of the adverse party, designed and having a tendency to improperly affect his decision as an arbitrator, without

showing that such statement, in fact, produced any harmful result to such other party.

2. A party to an arbitration who by overt acts attempts to corrupt or improperly influence the arbitrators, or any one of them, to make an award in his favor, will not be heard to say that he was impotent to accomplish what he sought, and to raise an issue thereupon.

3. SWORN ANSWER IN CHANCERY—*effect of testimony of the defendants in its support, as to the weight of evidence to overcome the answer.* Where a defendant in a suit in equity answers under oath, as required, denying the allegations of the bill, his testimony as a witness in his own behalf can not add any weight to his sworn answer, as evidence, and it may be overcome by the testimony of two witnesses, or what is equivalent thereto.

4. Where two defendants to a bill in chancery requiring sworn answers, each answers, and also testifies as to his own conduct and declarations, alone, and the proof shows that only one is a party in interest, neither the answer nor the testimony of the one will strengthen or aid the answer or evidence of the other, and the testimony of two witnesses, or what is equivalent thereto, will overcome the answer.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. J. W. WILKIN, Judge, presiding.

Mr. W. R. LAWRENCE, and Mr. J. L. RAY, for the appellants:

In a suit to set aside an award, the arbitrators may testify that a mistake was made by them, or that certain matters were not acted upon. *Spruck* v. *Crook,* 19 Ill. 425; *Knox* v. *Symonds,* 1 Ves. Jr. 369; *Burchell* v. *Marsh,* 17 How. 349; 2 Greenleaf on Evidence, sec. 78.

A court of equity will set aside an award when it is clearly shown by evidence that the same, or any part, was the result of mistake upon the part of the arbitrators. *Pulliam* v. *Pensoneau,* 33 Ill. 374; *Bouck* v. *Wilber,* 4 Johns. Ch. 406; *Williams* v. *Warren,* 21 Ill. 541; *Stone* v. *Atwood,* 28 id. 41.

If one of the parties converses with an arbitrator, or in any way attempts to influence him, and the award shall be in favor of such party, it will be set aside, as it will be conclusively presumed that such conduct had an improper effect,

and the arbitrator is a competent witness to prove this fact. *Spruck* v. *Crook*, 19 Ill. 415; *Moshier* v. *Shear*, 102 id. 169; *Drew* v. *Leburn*, H. L. C. 1; 1 Jacobs' Fisher's Digest, 371.

If the arbitrators do not award of all matters in difference of which they have notice, the award is void *in toto*, and the converse is alike true. *Whetstone* v. *Thomas*, 25 Ill. 326; Watson on Arb. and Award, 121; *Alfred* v. *Railroad Co.* 92 Ill. 610.

Misconduct of arbitrators will avoid the award; and that which would be misconduct on the part of a juror would be the same on the part of an arbitrator in common consultation. *Moshier* v. *Shear*, 102 Ill. 169; *In re Hare*, 6 Bing. (N. C.) 158; Morse on Arb. and Award, 537.

The arbitrators must be present at each and every step of the proceeding. The parties are entitled to the thought and consideration of each arbitrator. *Smith* v. *Smith*, 28 Ill. 56; *Wade* v. *Dowling*, 4 El. & Bl. 44; *Eads* v. *Williams*, 24 L. J. Ch. 531; *Wright* v. *Grahame*, 3 Exch. 131; 13 M. & W. 466; Morse on Arb. and Award, 152.

Messrs. MANN, CALHOUN & FRAZIER, for the appellees:

There was no error in refusing to allow an amendment to the bill. That was a matter of discretion.

The circuit court could not review the testimony before the arbitrators, it not being a court of appeals to correct errors.

A mistake in making an award must be that of all the arbitrators. *Stone* v. *Atwood*, 28 Ill. 41.

The allegations of gross misconduct on the part of the arbitrators is denied, and not sustained by the evidence. The answer is made under oath, and required two witnesses to overcome the same, and the defendant James M. Dougherty denies making the alleged admissions.

The matter of Lee's affidavit was not material, and if communicated could not have influenced the arbitrators.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill in equity, exhibited by Herald Catlett and Hiram Catlett, against John H. Dougherty and James M. Dougherty, to enjoin the prosecution of a suit upon a bond given to secure the performance of an award, and to set aside the award. The decree of the circuit court denied the relief prayed, and dismissed the bill. That decree was affirmed on appeal to the Appellate Court for the Third District, and the record is brought to this court by appeal from the decision of that court.

Herald Catlett and John H. Dougherty having certain matters of difference between them, submitted the same to the arbitrament of John Sidell, Henry C. Forbes and Daniel Gregg. Herald Catlett entered into bond, with Hiram Catlett as surety, conditioned that he would perform the award. The arbitrators awarded that Catlett should pay Dougherty $1899.98. Catlett not paying the award, suit was brought on the bond in the name of John H. Dougherty, for the use of James M. Dougherty.

An amendment to the bill is as follows: "Complainants show that since the filing of the original bill herein, they have been informed, and believe the fact to be, and charge the same to be true, that after the adjournment of the hearing by the said arbitrators, and before they made their said award, and while they were considering of their said award, the said James M. and John H. Dougherty procured from one Lee an affidavit stating that a certain note constituting one of the claims of the said Herald Catlett before said arbitrators, had been improperly procured of him, the said Lee, by said Catlett, and which affidavit denied and disputed certain statements made by said Catlett in reference thereto, before said arbitrators, and that said Dougherty communicated to said arbitrators, before the finding of said award and after the said hearing, the contents of said affidavit. And these com-

plainants do charge that said arbitrators did receive information concerning the said Lee notes, after said hearing and before the making of the said award." The answer of the defendants is under oath, and denies this allegation. The defendants were examined as witnesses, on the trial, and then again denied the allegation; but, in our opinion, this added nothing to the weight of evidence on their behalf, under this issue. They have the full benefit of their denial in their answer, and it is not possible that the mere repetition of the same thing in a different form, by the same person, can add to its effect. The question is, whether the denial is overcome by the evidence of two witnesses, or what is equivalent thereto.

The arbitrator Sidell testified, that after the evidence was heard in the arbitration, and before the arbitrators had made any award, James M. Dougherty told him, that they (meaning himself and John H. Dougherty,) had procured an affidavit of Lee, in which he swore that Herald Catlett had obtained the note from him (Lee) at a time different from that at which Catlett swore that he obtained it,—in substance, that Lee had, in that affidavit, sworn altogether differently from the testimony of Catlett. Herald Catlett testified, that about ten or fifteen days after the arbitration, James M. Dougherty told him that he (Dougherty) had told the arbitrator Sidell, at the time and place named by Sidell, that Catlett did not have the Lee note as soon as he said he did. DeWitt C. Frazier testified, that he saw James M. Dougherty on the same day during which Sidell testified that Dougherty made the communication to him; that they were then on a train going to Danville; that Sidell was on the same train; that Dougherty then said he had an affidavit of Lee, in which it was set out that the note, about which it was given, was turned over to Catlett at a different time from what Catlett claimed it was. Lee proves the making of the affidavit, and the participation therein of John H. and James M. Dougherty, and the start-

ing of James M. Dougherty to the depot a little while before the train went east to Danville.

It is to be observed that neither the answer nor evidence of James M. or John H. Dougherty strengthens or aids the answer or evidence of the other. Each is independent, and testifies to his own conduct and declarations, alone. We think the evidence on behalf of complainants overcomes the answer, and establishes that James M. Dougherty made the alleged communication to the arbitrator Sidell.

It is important to further observe, that the evidence shows that at the time of the arbitration James M. Dougherty was, in truth, the real party in interest, though the arbitration was carried on in the name of his brother, John H. Dougherty. Lee testified that at the time the affidavit before alluded to was made, John H. Dougherty said: "This matter,"—evidently alluding to the matter of the arbitration,—"was in the hands of his brother, now,—his brother James." And James M. Dougherty testified that in the conversation which he had with Sidell in regard to the arbitration, he used this language in regard to one of the arbitrators: "I said it was very gratifying to me to have the only man I had in the matter, so acceptable,"—thus showing that he regarded the arbitration as his arbitration. Moreover, the award, as has been seen, was assigned to James M. It is unimportant whether Sidell was, in point of fact, improperly influenced by the conduct of Dougherty, or not. It is sufficient to authorize the enjoining of the suit at law and the setting aside of the award, that James M. Dougherty—one of the real parties in interest,—made a statement to him, in the absence of his adverse party to the arbitration, evidently designed and having a tendency to improperly affect his decision as an arbitrator. Courts will not enter upon an inquiry of how far such conduct may, in fact, have produced harmful results, but will, at the instance of the party intended to be thus injured, set aside the award. A party attempting, by overt

acts, to corrupt or improperly influence such a tribunal to make an award in his favor, is not to be heard to say that he was impotent to accomplish what he sought, and to raise an issue thereupon. *Strong* v. *Strong,* 9 Cush. 574; *Cleland* v. *Hedley,* 9 R. I. 163; *Sisk et al.* v. *Garvey,* 27 Md. 401. See, also, Morse on Arbitration and Award, 534; 2 Story's Equity, sec. 1452a.

The court erred in dismissing the bill.

The decree of the circuit court, and the judgment of the Appellate Court affirming that decree, are reversed, and the cause remanded to the circuit court, for further proceedings in conformity with this opinion.

*Decree reversed.*