### HEWITT *v.* VILLAGE OF REED CITY.

ARBITRATION AND AWARD—EX PARTE CITATION OF AUTHORITIES—AVOIDANCE.

> Where it appeared, in a suit to set aside the award of an arbitrator, that the agent of the party in whose favor the award was made, after final submission of the controversy under an agreement that neither party should be represented by counsel, presented to the arbitrator, *ex parte*, a list of authorities, the court properly set the award aside, without any inquiry as to whether or not the arbitrator was influenced thereby.

Appeal from Osceola; Palmer, J., presiding. Submitted April 6, 1900. Decided May 2, 1900.

Bill by Kate Hewitt against the village of Reed City to set aside an award. From a decree for complainant, defendant appeals. Affirmed.

*Walter W. Drew* (*M. Brown*, of counsel), for complainant.

*Charles A. Withey* (*Smurthwaite & Fowler*, of counsel), for defendant.

MONTGOMERY, C. J.   This is a bill filed to set aside an award. Complainant was injured by reason of a defective sidewalk of the village. A claim was presented to the common council, and after a period of negotiation an agreement was reached to submit the matter in controversy to Hon. James B. McMahon, as arbitrator. A hearing was had before the arbitrator, testimony produced *pro* and *con*, and an award made in favor of the village. The bill in this case contains charges of overreaching, made against the village attorney and the president of the village, and also alleges that complainant was not permitted to produce her proofs before the arbitrator. We are not only convinced that these charges are not sustained by a preponderance of the evidence, but we deem it only just to the parties concerned to say that the charges ought not to have been made. There is nothing to indicate any misconduct or overreaching on the part of Mr. Withey, the village attorney, or Mr. Slosson, the village president. Complainant had employed counsel to present her claim to the village authorities, was aided by the advice of her husband, and, we have no doubt, understood the matter to be submitted; nor have we any doubt that she was permitted to adduce all testimony which she deemed necessary.

The only question which has given us any doubt arises out of the mistaken conduct of the village president in

furnishing the arbitrator, after the testimony was closed, a memorandum of cases or authorities. Just what these cases related to does not clearly appear, as the memorandum is not produced, and the recollections of Judge McMahon and Mr. Slosson differ. The rule is very strict in excluding any communication to an arbitrator, made *ex parte* after the case is submitted; and when such communication, which may affect the result, is made, it is not usual to enter into an inquiry as to whether the arbitrator was in fact influenced by it or not. *Walker* v. *Frobisher*, 6 Ves. 70; *Strong* v. *Strong*, 9 Cush. 560; *Catlett* v. *Dougherty*, 114 Ill. 568 (2 N. E. 669); *Jenkins* v. *Liston*, 13 Grat. 535; 2 Am. & Eng. Enc. Law (2d Ed.), 646. It is contended that this rule should not be applied to the present case, as all that occurred was a mere citation of authorities; but it is to be kept in mind that the arbitrator is judge of the law as well as of the facts, and in this case the parties expressly agreed that neither was to be represented by counsel, thereby stipulating to exclude all legal arguments or briefs. It cannot be denied that the purpose of any citation must have been to influence the mind of the arbitrator on a question of law. We hold, with some reluctance, that this is a violation of the spirit of the terms of the submission.

Judge McMahon himself testified that the handing of this memorandum to him was, to use his language, the most unsatisfactory thing connected with the transaction. If we felt at liberty to determine the case upon the question of whether the result was probably influenced by this representation, we would have little difficulty, as the high character and unquestioned ability of the arbitrator would furnish ample assurance that he was not unduly influenced in the matter; but, as this is the first time that the question has been presented to the court in this exact way, we are concerned in laying down a rule easy to follow, and which will afford protection in all cases, and we think the safer rule is for the court to enter into no examination as to whether the arbitrator is in any way influenced by *ex*

*parte* communications.  In applying that rule to this case, and in view of the stipulation that neither party should be represented by counsel, we are constrained to hold that the arbitration should be set aside.

This was the conclusion reached by the learned circuit judge, and his decree will be affirmed, with costs.

The other Justices concurred.