HORACE B. PEPPER *vs.* REBECCA P. PEPPER, administratrix c. t. a. of HARRIET H. CANNON, deceased.

*Amicable Action—Award—Confirmation Objected to—Fraud and Collusion Alleged Between the Parties—Motion to Dismiss Exceptions Refused—Issue Framed to be Tried by Jury.*

An amicable action was entered into to ascertain what was due and owing from the estate of the deceased to an alleged creditor who was the nephew of the deceased and son of the administratrix. Exceptions were filed to the award by devisees and legatees of the deceased, the principal ground of objection being fraud and collusion on the part of the parties to the action. A motion to dismiss the exceptions was made for the following reasons: (1) Because they did not aver any fraud or misconduct on the part of the arbitrators; (2) Because the exceptants were not parties to the record, and (3) Because the Court had no jurisdiction over the question of fraud. Motion refused, and issue framed to be tried by a jury to determine whether there was any fraud and collusion between the parties.

(*October 11, 1905.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Woodburn Martin* and *Charles M. Curtis* for exceptants.

*Robert C. White, C. W. Cullen, Charles F. Richards* and *Edward D. Hearne* for respondent.

Superior Court, Sussex County, October Term, 1905.

AMICABLE ACTION (No. 1, October Term, 1904). Exceptions to award of arbitrators.

Harriet H. Cannon died testate December 7, 1901. Under the provisions of her will, a certain tract of land was to be sold by her executor and the proceeds divided between her step-children, Edward F. Cannon and Amanda M. Hearne. John H. Elliott, the executor appointed by the will, renounced, and Rebecca P.

Pepper, sister of Harriet H. Cannon, was then appointed adminis-
tratrix c. t. a.   Nearly three years after the death of Harriet H.
Cannon an amicable action was instituted by Horace P. Pepper,
nephew of the deceased and son of the administratrix, upon the fol-
lowing account:

" HARRIET H. CANNON,

"To HORACE B. PEPPER, Dr.

| | |
|---|---|
| "To services and use of team from Sept. 2nd, 1885, to Dec. 7th, 1901, at $50.00 per year,........................ | $812.50 |
| To board for herself during the year 1886, 9 mos. at $10 | 90.00 |
| To board for Jennie Parker for the year 1886, at $6 per month,........ ....................................................... | 72.00 |
| To board for herself during the year 1887, 9 mos. at $10, | 90.00 |
| To board for Jennie Parker for the year 1887 at $6 per month,........................................................... | 72.00 |
| To board for herself during the year 1890, six months at $10, ............................................................ | 60.00 |
| To board for herself during the year 1891, six months at $10,......... ....................................... | 60.00 |
| | $1256.50 " |

" STATE OF DELAWARE, ⎫ ss
SUSSEX COUNTY,           ⎭

     " Personally appeared before me Henry S. Marshall a Justice
of the Peace in and for said County, Horace B. Pepper and maketh
solemn oath that nothing has been paid or delivered towards satis-
faction of said debt except what is mentioned, and that the sum of
$1256.50 is justly and truly due from the estate of Harriett H.
Cannon, deceased, with interest.

                              " HORACE B. PEPPER.

"Sworn and subscribed before me this sixth day of July, A. D. 1904.

"HENRY S. MARSHALL, *J. P.*"

The arbitrators rendered judgment in favor of the plaintiff in said amicable action for $1256.50, with interest from the sixth day of July, 1904, that being the full amount of plaintiff's claim.

On October 3, 1904, the following exceptions to the confirmation of the said award were filed by Amanda M. Hearne and Edward F. Cannon, devisees and legatees of Harriet H. Cannon, deceased, to wit:

"*First.* That the said award was obtained through fraudulent collusion between the plaintiff and the said Rebecca P. Pepper at the time said rule of reference was agreed upon and at the time said award was made.

"*Second.* That the said amicable action and rule of reference in the above cause was entered into fraudulently and by collusion between the plaintiff and Rebecca P. Pepper, then the administratrix c. t. a. of the said Harriet H. Cannon, deceased for the purpose of perpetrating a fraud upon the said estate by promoting the said award to the plaintiff, when in fact the deceased was not indebted to the said plaintiff in any sum of money but, on the contrary, the plaintiff was indebted to the deceased at the time of her death.

"*Third.* That the award is based upon a probated claim, invalid and fraudulent upon its face, as will appear from an inspection of copy of the said claim herewith annexed, and all of the items in the said claim except perhaps a small part of the first item therein, were long barred by the statute of limitations, the testratrix having died on or about December 7, 1901, for it appears—

"(1) That the first item runs back about fifteen years from the death of the said testratrix, and

" (2)   That all of the other items were for board alleged to have been furnished more than ten years before her death, part of these items being for board furnished fifteen years and some fourteen years before the death of the said testatrix.

" *Fourth.*   That the said award is not only fraudulent and unjust on its face but was obtained by fraudulent connivance of the said Rebecca P. Pepper and by collusion with her and without the production before the referees of evidence within the knowledge of the said Rebecca P. Pepper, and of evidence of record which would have proved that the said claim was unjust and unfounded in fact and which would have demonstrated that the said Horace B. Pepper, the plaintiff, was indebted to the said estate of the said deceased.

" *Fifth.*   That as appears by copy of the probated claim of the plaintiff, it is on its face fraudulent and long barred by the statute of limitations, the testatrix, Harriet H. Cannon, having died on or about December 7, 1901; yet the said Rebecca P. Pepper, administratrix as aforesaid, not only did not plead or rely upon the statute of limitations but entered into an amicable action and agreed to rule of reference without the advice or knowledge of her attorneys, Charles W. Cullen and Edward D. Hearne, Esqs., and at the hearing was not represented by counsel, although the plaintiff was so represented; that notwithstanding the fact that all but one of the items in the plaintiff's claim purported to be for board furnished at times more than ten years prior to the death of the said testatrix, and notwithstanding that the other items ran back for fifteen years prior to the death of the testatrix, and notwithstanding the fact that on September 10, 1900, said Horace B. Pepper made his bond or judgment note to the said Harriet H. Cannon for the payment of the sum of one hundred dollars, upon which judgment was entered by the said Harriet H. Cannon in her lifetime a short time before her death, and which judgment remains unpaid and unsatisfied of record.

" *Sixth.*   That as appears of record in the Superior Court of Sussex County, on April 23, 1901, judgment was entered in said

Court by the said Edward D. Hearne, Esq., as attorney for the said Harriet H. Cannon, for the sum of one hundred dollars, by virtue of a warrant of attorney on a bond or note dated September 10, 1890, made by the said Horace B. Pepper to the said Harriet H. Cannon, said judgment being No. 45 to the April Term, 1901, of said Court, and that a levy had been made on goods and chattels of said Horace B. Pepper by virtue of a fi. fa. issued on said judgment to the April Term, 1902, of said Court, said goods remaining unsold by said Sheriff; that said judgment was not put in evidence by the said Rebecca P. Pepper, nor brought before the referees or used by her to defeat the said claim of said Horace B. Pepper, or part thereof at least; and that had said judgment been so used by said Rebecca P. Pepper, the said Horace B. Pepper would not have been entitled to obtain any claim for board or services rendered prior to the giving of said bond on September 10, 1890."

At the October Term, the hearing of the above exceptions was continued until the April Term, 1905, at which latter term it was further continued to the October Term, 1905. At the said October Tern, 1905, the exceptions coming on to be heard, counsel for responaents moved to dismiss the same, for the following reasons:

*First.* That the exceptions were not tenable in that they did not aver fraud or misconduct on the part of the arbitrators.

*Second.* That the Superior Court had not jurisdiction over a question of fraud, that being a subject of equity jurisdiction.

*Third.* That the exceptants were not parties to the record and had no standing in Court.

*Fourth.* That to give the exceptants any standing in the Superior Court it would be at least necessary for them to file a petition asking leave to intervene and secure an order of the Court to that effect.

*Martin, for exceptants :*—Every legal transaction is vitiated by fraud, when proven.

Arbitrators are instruments of the Court, being appointed under the provisions of the statute to expedite its business, and their awards are of no effect until they receive the approbation of the Court; but when so confirmed, are "as available in law as the verdict of a jury ; and the party to whom any sum of money shall be awarded, if he be plaintiff, shall have judgment," etc. *Rev. Code 1893, Ch. 116.*

All of the doings of the arbitrators are subject to the investigation of the Court, for, when approved, they are the acts of the Court itself. Therefore, the Court has the right to hear and determine any allegation of fraud and collusion practised upon its arbitrators, by which they were influenced in making an award. It has authority to investigate the manner in which an award was made, or verdict rendered, and to inquire into any matter of fraud by which the same may have been tainted.—*Allen vs. Smith's Adm. 4 Harr., 234.*

The Court of Chancery has no jurisdiction over this case ; the subject matter is primarily of legal jurisdiction ; the exceptions are to the misconduct of the parties plaintiff and defendant in this Court, the hearing being had under a rule of Court. Over all of these proceedings this Court has exclusive jurisdiction, and there is no appeal from its judgment to, nor can its finding be revised by a Court of Equity.

The exceptions are filed by " devisees and legatees of Harriet H. Cannon, deceased," and their interests under the provisions of the will would be greatly impaired, if not entirely abrogated, were this award confirmed.

The respondents are informed by the exceptions filed of the capacity in which the exceptants sue, and of their interest in the subject matter, and it would be surplusage for them to file a petition asking leave to intervene.

The above motion to dismiss was overruled.

Counsel for respondents thereupon moved to have an issue framed to be submitted to a jury, which was objected to by counsel for exceptants, who contended that the Court had the same jurisdiction of an award of referees as they had over the verdict of a jury.

The Court ordered the following issue to be submitted to a jury of the Superior Court, viz.:

" And now to wit this 11th day of October 1905, it is ordered by the Court that the following issue be tried by a jury of Sussex County at the bar of this Court: ' Was there or was there not fraud and collusion between Horace B. Pepper and Rebecca P. Pepper, administratrix c. t. a. of Harrrit H. Cannon, deceased, the parties to this suit in procuring the award therein.' "

The case was then continued to the April Term, 1906.

The issue coming on to be tried at said April Term, after hearing the evidence of the exceptants, counsel for respondent asked the Court to direct the jury to find :

That there was not fraud and collusion between said Horace B. Pepper and said Rebecca P. Pepper, Administratrix c. t. a. of Harriet H. Cannon, deceased, the parties to this suit, in procuring the award therein.

BOYCE, J. :—We are unanimous in opinion that the evidence adduced in this case is not sufficient to warrant a verdict in favor of the exceptants.  And we would disregard such a verdict.  It becomes our duty, therefore, to give the jury binding instructions against the exceptants.

Gentlemen of the jury :—We direct you to find that there was not fraud and collusion between Horace B. Pepper and Rebecca P. Pepper, administratrix c. t. a. of Harriett H. Cannon, deceased.

(The jury rendered its verdict accordingly.)