637 P.2d 537

MALIBU POOLS OF NEW MEXICO, INC., Plaintiff-Appellant,

v.

H. Lee HARVARD and Joanne W. Harvard, Defendants-Appellees.

In the Matter of the Arbitration Between Malibu POOLS OF N. M., INC., Claimant-Appellant,

v.

H. Lee HARVARD and Joanne W. Harvard, Respondents-Appellees.

No. 13137.

Supreme Court of New Mexico.

Nov. 9, 1981.

Rehearing Denied Dec. 3, 1981.

Bruce E. Pasternack, Albuquerque, for appellant.

Hinkle, Cox, Eaton, Coffield & Hensley, Paul M. Bohannon, Roswell, for appellees.

## OPINION

RIORDAN, Justice.

The plaintiff, Malibu Pools of New Mexico, Inc., (Malibu) performed services and furnished materials in 1976 for construction of a swimming pool and garden room at the residence of defendants, Lee and Joanne Harvard (Harvard). As a result of disputes between the parties over the construction

agreement, Harvard terminated progress payments and Malibu discontinued work on the project.

Malibu filed a demand for arbitration of the dispute pursuant to the contract between the parties. In response, Harvard claimed that Malibu owed Harvard $36,000 in damages caused by improper construction. After hearing testimony and considering various depositions and exhibits, the panel of arbitrators awarded Harvard $35,976.43 and denied Malibu's claims. Neither party requested that a record or transcript be made of the arbitration hearing.

Malibu filed an action in the District Court of Bernalillo County to modify or vacate the arbitration award pursuant to the Uniform Arbitration Act § 44–7–1 through 44–7–22, N.M.S.A.1978. It charged the arbitration panel with misconduct for failure to hear pertinent material evidence pursuant to § 44–7–12(A)(2) and (4). Harvard filed a separate action to confirm the award. The actions were consolidated for trial by stipulation.

The trial court confirmed the arbitration award, holding that Malibu, by waiving its right to a transcript of the hearing waived any right to attack the award. We reverse.

The issues we discuss on appeal are:

  I.  Does waiver of the record of an arbitration proceeding preclude an attack on the arbitration decision?

  II.  Did the trial judge commit error by refusing to hear evidence of the arbitration panel's alleged misconduct?

  III.  Did the trial judge commit error by leaving the courtroom during an offer of proof?

I. *Waiver of record of proceedings.*

■ The first question we address is whether Malibu's waiver of a stenographic transcript of the arbitration hearing precludes Malibu from challenging the award based on the panel's refusal to hear material evidence. We hold that it does not.

Malibu's appeal for vacating the award is grounded in the Uniform Arbitration Act

(Act). § 44–7–12(A)(4), N.M.S.A.1978 provides in part:

A. Upon application of a party, the court shall vacate an award where:

   *    *    *    *    *    *

(4) the arbitrators * * * refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of Section 5 [44–7–5 N.M.S.A.1978], as to prejudice substantially the rights of the party;

There is no provision in the Act which would preclude an aggrieved party from asserting and proving any grounds set forth in § 44–7–12, N.M.S.A.1978, where a record of the arbitration proceeding is unavailable. The fact that a record is permitted in the arbitration proceeding cannot be construed to mean that a record is a prerequisite to the appeal provisions afforded by the Act. Depending on the grounds for the appeal, a party who waives a record, of course, may be unable to prove the allegations because of the lack of a transcript. That is not the case here where the parties do not dispute that certain evidence was not presented or considered.

We agree with the reasoning of the supreme court of New Jersey in *Kearny PBA Local No. 21 v. Town of Kearney*, 81 N.J. 208, 405 A.2d 393 (1979) when it said:

It frequently may be necessary to consider evidence extrinsic to the award to decide whether any of the statutory grounds for vacating the award exist. . . . It is appropriate and sensible that material, relevant and reliable evidence be made available to assist the courts in determining whether or not statutory grounds are available to set aside an award. In discharging this judicial responsibility to determine if statutory grounds are met, courts should not be entangled in some outmoded procedural rule of the common law courts. [Citations omitted]

*Kearney, supra,* p. 399.

II. *Refusal to hear evidence of "misconduct".*

■ The second issue to be considered is whether the trial court erred in refusing to

hear evidence of the arbitration panel's alleged misconduct for its failure to hear material evidence. Based upon our decision on the waiver issue, we hold that the court erred.

There are circumstances contemplated by the Act which require the court to vacate an award where there was misconduct for failure to hear material evidence. The trial court must consider all relevant and material evidence offered by Malibu to prove its contention. The Act specifically provides for vacation of an award when the panel has failed to hear evidence material to the controversy. § 44–7–12(A)(2) and (4).

III. *Offer of proof.*

██ The next issue to be discussed is whether the trial judge erred by leaving the courtroom during an offer of proof. We hold that she did.

N.M.R. Evid. 103, N.M.S.A.1978 provides an opportunity for evidence to be made known to the judge by "offer".

> An offer of evidence is intended to inform the court what the party making the offer intends to prove, so that the court may rule intelligently * * *.
>
> *      *      *      *      *      *
>
> * * * neither the court nor opposing counsel can know whether evidence which a party desires to present is competent or material until proffered.

75 Am.Jur.2d *Trial* § 128 (1974) (footnotes omitted).

The same reasoning applies here as did in *City of Albuquerque v. Ackerman,* 82 N.M. 360, 482 P.2d 63 (1971). Concerning the absence of a trial judge during objections to jury instructions we stated:

> [t]he reason for requiring proper objections to erroneous instructions is to draw the court's attention to errors in time to correct them * * *. It is the policy of these principles to avoid error, concluding cases at the trial court level free from error.

*Id.* at 365, 482 P.2d at 68.

In this case, the trial judge apparently did not feel that she should have to hear the tendered evidence since she had already decided that Malibu waived its right to appeal and the offered evidence was not material to that decision, but was only for the record. Since we hold that the evidence should have been presented, the judge erred in not remaining for the tender.

The case is reversed and remanded to the district court with instructions to conduct a hearing on the claims raised by appellants in attacking the award of the arbitration panel. In the event the district court finds error in the arbitration proceedings and vacates the proceedings, the parties will have to begin with a new panel of arbitrators since two of the prior arbitrators are now judges in the district court.

IT IS SO ORDERED.

SOSA, Senior Justice, and SCARBOROUGH, District Judge, concur.