769 P.2d 726

The STATE of New Mexico, ex rel. HOO-
TEN CONSTRUCTION COMPANY,
INC., and Hooten Construction Compa-
ny, Inc., a New Mexico corporation,
Plaintiffs–Appellees,

v.

BORSBERRY CONSTRUCTION COM-
PANY, INC., a Texas corporation,
Defendant–Appellant,

and

Mid–Continent Casualty Company, an
Oklahoma corporation, Defendant.

No. 17711.

Supreme Court of New Mexico.

Feb. 21, 1989.

Weinbrenner, Richards, Paulowsky &
Sandenaw, Neil E. Weinbrenner, Las Cruc-
es, for defendant-appellant.

Ralph Ellinwood, Deming, for plaintiffs-
appellees.

OPINION

SOSA, Chief Justice.

In accordance with the provisions set
forth in our Uniform Arbitration Act,
NMSA 1978, Sections 44–7–1 through –22,
Borsberry Construction Company, a gener-
al contractor, appeals the order of confir-
mation of an arbitration award in favor of
the subcontractor, Hooten Construction
Company, and judgment entered thereon.
Implicit in the appeal is a claim of error in
the denial by the district court of Borsber-
ry's application to vacate, modify, or cor-
rect the award filed pursuant to Sections
44–7–12 and –13.

In July 1986, Borsberry contracted with
the State for construction of a road in Dona
Ana County and entered into a subcontract

with Hooten for performance of certain work on the project. The subcontract provided for the submission to arbitration of any controversies arising between the parties with regard to matters covered by the subcontract. In December 1986, a dispute concerning claimed amounts due Hooten for work performed on the project resulted in a two-day arbitration hearing. The panel of three arbitrators unanimously awarded Hooten damages in the amount of $126,709 on September 4, 1987.

The district court entertained competing applications on the award, determined Borsberry failed to prove statutory grounds for vacation, modification, or correction, and granted Hooten's application for confirmation of the award. *See* NMSA 1978, §§ 44–7–11 to –14. We affirm the district court's confirmation of the arbitration award and judgment entered thereon.

Once an arbitration award is entered, the finality that courts should afford the arbitration process weighs heavily in favor of the award. *Foster v. Turley*, 808 F.2d 38, 42 (10th Cir.1986). Courts are justified in exercising great caution when asked to set aside an arbitration award, which is the product of the theoretically informal, speedy and inexpensive process of arbitration, freely chosen by the parties. *Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1147 (10th Cir.), *cert. denied*, 459 U.S. 838, 103 S.Ct. 84, 74 L.Ed.2d 79 (1982). All doubts are to be resolved in favor of arbitrability. *Id.* Furthermore, the district court's review of an arbitration award is limited by the statutory grounds set forth in our Uniform Arbitration Act. *See* NMSA 1978, §§ 44–7–12, –13; *Foster*, 808 F.2d at 42 (judicial review of arbitration award is narrowly limited). It is not the function of the court to hear the case de novo and consider the evidence presented to the arbitrators. *Foley Co. v. Grindsted Prods., Inc.*, 233 Kan. 339, 348–49, 662 P.2d 1254, 1262 (1983); *see also Ormsbee*, 668 F.2d at 1147 (court not entitled to judge arbitration award independently). In reaching its determination on Borsberry's application to vacate, modify, or correct the award, the court properly conducted an evidentiary hearing and entered findings of fact and conclusions of law upon each issue raised in the application. *See Malibu Pools of New Mexico, Inc. v. Harvard*, 97 N.M. 106, 637 P.2d 537 (1981) (district court must consider all evidence relevant and material to applicant's bases for vacation of arbitration award).

This court is required by Section 44–7–19(B) to take the appeal "in the manner and to the same extent as from orders or judgments in a civil action." We will not disturb findings made by the district court which are supported by substantial evidence. *Elephant Butte Resort Marina, Inc. v. Wooldridge*, 102 N.M. 286, 694 P.2d 1351 (1985). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 291, 694 P.2d at 1356. This court will indulge all reasonable inferences and resolve all disputed facts in favor of the trial court findings. *Tapia v. Panhandle Steel Erectors Co.*, 78 N.M. 86, 89, 428 P.2d 625, 628 (1967). Moreover, in reviewing an attack upon a finding, it is the supporting evidence, not that adverse to the findings, that ordinarily determines the issue. *Gish v. Hart*, 75 N.M. 765, 768, 411 P.2d 349, 352 (1966).

The issues raised by Borsberry are identical to those raised in its application to vacate, modify, or correct, and, we are mindful that on appeal it is not our function to reweigh the evidence and substitute our judgment for that of the district court. *See Elephant Butte Resort Marina, Inc.*, 102 N.M. at 291, 694 P.2d at 1356. Borsberry contends the district court erred in not vacating the arbitration award, claiming it successfully proved the following statutory grounds for vacation of the award: (1) the Section 44–7–12(A)(1) ground for procurement of an award by undue means based upon Borsberry's characterization that a memorandum of law submitted to the arbitration panel by Hooten was an improper ex parte communication; (2) the Section 44–7–12(A)(3) ground that the arbitrators exceeded their authority based upon (a) an allegation that the arbitrators refused to award completion costs, (b) an award of damages for work

performed (preblading) which was alleg- edly not specified in the subcontract, (c) an award of water expense damages, and (d) an order of payment by a fixed date, and (3) the Section 44–7–12(A)(4) ground that the arbitrators refused to postpone the hearing at Borsberry's request until work on the project could be completed in order to more accurately determine damages. In other words, Borsberry claims error in most of the findings of fact and conclusions of law entered by the district court. An additional issue raised on appeal is whether the district court abused its discretion in awarding prejudgment interest.

The following is a summary of the findings material to Borsberry's first claim that the memorandum of law submitted by Hooten was an improper ex parte communication which constituted a sufficient basis to vacate the award under Section 44–7–12(A)(1): Four days after the conclusion of the arbitration hearing, Hooten mailed a "Memorandum of Law Concerning Recovery of Damages for Breach of Contract" to the arbitrators and to opposing counsel. Borsberry did not consent to the submission of the memorandum. Arbitrator Livingston testified that he received and looked at the memorandum but did not consider it in arriving at his decision. While in session, the panel, consisting of arbitrators capable and experienced in the type of construction work that was involved in the controversy between the parties, did not read, review or discuss the memorandum. Although the arbitrators were in deliberations on the date Borsberry received the memorandum, Borsberry did not request the panel to give it an opportunity to file a responsive memorandum. In sum, the district court found that, based upon the evidence submitted, the arbitrators were not affected by the memorandum in making the award.

Borsberry, however, continues to claim prejudice, asserting that it received inadequate notice of the submission of the memorandum, and urges this court to adopt a per se rule of impropriety as stated in *Hewitt v. Village of Reed City*, 124 Mich. 6, 82 N.W. 616 (1900). In *Hewitt*, after "the parties expressly agreed that neither was to be represented by counsel, thereby stipulating to exclude all legal arguments or briefs," the court rendered the arbitrator's award void based upon an improper ex parte presentation of a list of authorities by the village to the arbitrator after final submission. *Id.* at 8, 82 N.W. at 616–17. Deeming necessary strict compliance with "the spirit of the terms of the submission," the court held irrelevant the issue of whether the arbitrator was influenced by the ex parte communication. Presumably, because this case predates the Uniform Arbitraton Act, the Michigan Supreme Court in this case of first impression was apparently setting down a hard and fast rule to be followed in arbitration proceedings with regard to the submission of material to arbitrators.

In the more recent case of *Foley Co. v. Grindsted Products, Inc.*, 233 Kan. 339, 662 P.2d 1254 (1983), factually identical to the case at bar, the district court found that the submission of a letter brief by a subcontractor to the arbitration panel did not constitute an ex parte communication. In confirming the award, the court found persuasive the facts that the letter brief had been submitted in response to the contractor's statement at the arbitration hearing that it would be submitting a brief, that the arbitrators did not review or discuss the brief, that the brief was delivered to opposing counsel as well as to the panel, and that the contractor eventually failed to file a brief, respond, or object to the subcontractor's submission of one.

In the instant case, the district court observed that had a record of the arbitration hearing been made, "[it] would probably have reflected that every one of these things was specifically argued to the arbitrators. They were certainly the kinds of things that you could have argued to the arbitrators." Noting that both parties had a full and fair opportunity to present evidence to the arbitrators and that Borsberry had received a copy of the memorandum, the court concluded that "[a]ny presumption that the Memorandum constitutes undue means was overcome by positive testimony from the only arbitrator called as a

witness * * * that the Memorandum did not affect him at all and that the arbitrators never discussed or considered [it]," and that the memorandum did not influence the arbitrators nor have any effect on their decision. Moreover, at oral argument, when asked if the substance of the brief differed from or included additional information than that presented to the arbitrators, counsel for Borsberry replied in the negative.

We also find the *Foley* rationale persuasive. In addition, we are guided by our civil cases involving improper communications with the jury, which have applied the presumption of prejudice test on a consistent basis. *See Budagher v. Amrep Corp.*, 100 N.M. 167, 171, 667 P.2d 972, 974 (Ct. App.), *cert. denied*, 100 N.M. 192, 668 P.2d 308 (1983). "These cases all hold that when there has been improper communication with the jury the party adversely affected benefits from a 'presumption of prejudice' which must be rebutted by the opposing party. The rule has been applied to various situations, with various results." *Id.* Once the presumption is established, the burden shifts to the opposing party to demonstrate that the improper conduct did not have an influential effect upon the jurors. *Prudencio v. Gonzales*, 104 N.M. 788, 790, 727 P.2d 553, 557 (Ct.App.), *cert. denied*, 104 N.M. 761, 726 P.2d 1391 (1986).

■ Based upon the evidence in the record, we believe Hooten satisfied its burden of demonstrating that the memorandum did not have an influential effect upon the arbitrators. We also find substantial evidence to support the challenged findings of fact on this point and agree with the court's conclusion that Hooten's mailing of the memorandum to the arbitrators did not constitute an improper ex parte communication sufficient to vacate the arbitration award. Further, under these circumstances, we hold that any claim of error regarding findings on the arbitration panel's inquiry into and counsels' responses to the submission of briefs to be, at the most, harmless error. *See Jones v. Harper*, 75 N.M. 557, 561, 408 P.2d 56, 59 (1965) (an error would not be ground for reversal of judgment unless shown to be prejudicial or to have produced an erroneous result).

■ The second issue is whether the district court erred in not vacating the arbitration award on the basis the arbitrators exceeded their powers. Borsberry contends the arbitrators exceeded their powers by entering an excessive and unsupported award and by ordering payment by a fixed date. The separate claims of error concern damages awarded for preblading work, completion costs, and Hooten's share of the water expense. Our review of the record indicates that substantial evidence was presented to the district court on each issue. Arbitrator Livingston specifically testified to each claim and emphasized that the panel relied solely upon the testimony and documents presented at the hearing as well as their knowledge and experience in the construction industry in arriving at the amount of the award. The arbitrator stated that the panel based the award upon its own method of calculation. In addition, particularly regarding the award for the preblading work, we find support for the court's finding that the arbitrators considered preblading to be an implied part of the necessary work to be performed pursuant to the subcontract, and accordingly, find that such damages were properly included in the panel's calculation of the award.

■ We also disagree with the claim that the panel exceeded its authority by directing payment of the award by a fixed date. Arbitration was the agreed-upon procedure whereby controversies concerning the subcontracted work would be resolved. There was no provision limiting the arbitrators' authority in this regard. *See Christmas v. Cimarron Realty Co.*, 98 N.M. 330, 648 P.2d 788 (1982) (terms of arbitration agreement define scope of jurisdiction, conditions, limitation and restriction on matters to be arbitrated). Although an interest figure was not specified in the award, the district court concluded that the panel probably calculated some measure of interest in the total award "because these were knowledgeable men in the construction business, and they knew that people are having to

pay interest." The court found reasonable the inference that if payment was not timely made, "interest would be appropriate." Accordingly, we affirm the court's finding that "[t]he arbitrators did not exceed their statutory authority or power * * * in their decision to require payment by a date certain."

Likewise, we find no abuse by the district court in ordering prejudgment interest. Borsberry argues that prejudgment interest was not allowable because the subcontract did not include such a provision and because two alleged settlement offers had been tendered. An abuse of discretion, however, will only be found when the district court's decision is contrary to logic and reason. *Three Rivers Land Co. v. Maddoux,* 98 N.M. 690, 694, 652 P.2d 240, 244 (1982), *overruled on other grounds, Universal Life Church v. Coxon,* 105 N.M. 57, 728 P.2d 467 (1986).

■ NMSA 1978, Section 56–8–4(B) (Repl.Pamp.1986) allows the court, within its discretion, to award interest "after considering *among other things:* (1) if the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claims; and (2) if the defendant had previously made a reasonable and timely offer of settlement to the plaintiff." (Emphasis added.) Moreover, where a contract does not preclude interest, an award of prejudgment interest under Section 56–8–4(B) remains within the court's discretion. *See City of Farmington v. Amoco Gas Co.,* 777 F.2d 554, 566 (10th Cir.1985); *see also O'Meara v. Commercial Ins. Co.,* 71 N.M. 145, 376 P.2d 486 (1962). In our opinion, the district court exercised its sound discretion in ordering Borsberry to pay prejudgment interest from the fixed date to the date of entry of judgment and thereafter until paid.

Borsberry's final claim of error, that the district court erred in not vacating the award based upon the arbitrators' refusal to postpone the hearing upon Borsberry's request for good cause, must also fail. Borsberry contends it was forced to present estimated completion costs thereby being prejudiced by not having the opportu-nity to complete the job in order to determine such expenses more accurately. However, during a hearing held approximately two weeks prior to the arbitration proceedings, the district court recognized the possibility that a delay might be necessary in order to determine Borsberry's final damages. The court noted that from the evidence presented it appeared "that 99 percent of the work remaining on the original contract has either been subbed out * * * or is finished. As far as the cleanup or dressing up the slopes, that's such a minor thing that there should be no problem in ascertaining that right now." The court, however, left to the discretion of the panel whether a continuance would be necessary.

■ An arbitration panel can grant a continuance of a hearing upon sufficient cause being shown therefor. *See* § 44–7–5(A) (arbitrators may adjourn hearing as necessary for good cause). In ruling upon Borsberry's application to vacate the award, the district court correctly noted that, in order to prove the statutory ground for vacation, Borsberry was required to produce a record showing that evidence was submitted to the arbitrators which demonstrated good cause for the requested continuance, or, in absence of a record, evidence on what was shown to the arbitrators that would justify concluding that Borsberry was prejudiced thereby. We find support in the record for the court's findings that Borsberry was afforded an opportunity to present this evidence and that it "did not show by any evidence that they could not fully present their issues to the arbitrators at the time the hearings were conducted."

Accordingly, these findings, as well as the judgment in its entirety, are affirmed.

IT IS SO ORDERED.

STOWERS and BACA, JJ., concur.