FISCHER *v.* FISCHER.

1. DIVORCE—INEQUITY IN ORIGINAL DECREE—MODIFICATION OF DECREE.

    Inequity in an original decree of divorce does not of itself afford a basis for its modification.

2. SAME—MODIFICATION OF DECREE.

    An application to modify a decree of divorce is neither a rehearing of the original case nor a review of the equities.

3. SAME—MODIFICATION OF DECREE—ALIMONY—STATUTES.

    The right to modification of a decree of divorce as to alimony or other allowance for the wife and children is preserved by statute (3 Comp. Laws 1929, § 12748).

4. SAME—MODIFICATION OF DECREE—DISCRETION OF COURT.

    The modification of a recently-entered decree of divorce is within the discretion of the trial court and such discretion will not be interfered with unless it has been abused (3 Comp. Laws 1929, § 12748).

5. SAME—MODIFICATION OF DECREE—SUPPORT OF CHILD.

    On petition to modify decree of divorce, order increasing payment for support of 6-year-old son from $6 to $12 per week *held,* not an abuse of discretion where it appears that although husband was earning $70 a week at time decree was entered 15 months earlier and $60 a week at time of hearing, mother had fractured her ankle and cost of living had increased for herself and son and there was some confusion as to what plaintiff husband had stated his income was at original hearing (3 Comp. Laws 1929, § 12748).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted January 9, 1948. (Docket No. 55, Calendar No. 43,875.) Decided February 16, 1948.

Divorce proceedings by Harry A. Fischer against Dorothy B. Fischer. On motion of defendant to

amend decree to increase support for children. Decree amended. Plaintiff appeals. Affirmed.

*Linsey, Shivel, Phelps & Vander Wal,* for plaintiff.

*Henry J. Milanowski,* for defendant.

BUSHNELL, C. J.  A decree of divorce was granted to plaintiff Harry A. Fischer on February 4, 1946. Defendant Dorothy B. Fischer was awarded the care, custody, and education of their 5-year-old son. Plaintiff was ordered to pay $6 per week for his support, maintenance, and care.

On May 9, 1947, defendant sought an amendment of the alimony provisions of the decree of divorce. Testimony on this issue was taken by the trial judge who heard the original cause. It was claimed by defendant that plaintiff testified at the original trial that he was earning only $30 per week. This he denied, and he also claimed that he is now earning less than at the time of trial. When the decree was entered the minor son was living with his mother in the country. They subsequently moved to Grand Rapids, where the boy has since attended school. The mother testified that she wanted the boy's time occupied on Saturdays by taking music lessons. She stated that, because of a fractured ankle, she was not financially able to properly care for him on $6 per week, and that their cost of living had increased. The joint farm property that was awarded to her had been recently rented for $23 per week.

At the conclusion of the testimony the trial judge stated that because of the conflicting claims he would "check the testimony over taken in the former case" adding, "I just don't remember." We are not provided with any further statement by the trial judge as to the result of his investigation, other than

that expressed in the modified decree entered on June 16, 1947, in which plaintiff was ordered to pay the sum of $12 per week.

Plaintiff's appeal raises the single question of whether a proper showing was made by the defendant to support the modification of the decree of divorce. Plaintiff's testimony established that at the time of the original hearing he was earning about $70 per week, and that at the time of the subsequent hearing he was earning about $60 per week.

We recently said in *Renn v. Renn,* 318 Mich. 230:

"The increased cost of living affects plaintiff as adversely as it does defendant and applies with equal force to the cost of maintaining the child."

The claimed inequity of the original decree does not of itself afford a basis for its modification. An application to modify a divorce decree is neither a rehearing of the original case nor a review of the equities. *Sherman v. Kent,* 223 Mich. 200.

The right to modification is preserved by 3 Comp. Laws 1929, § 12748 (Stat. Ann. § 25.106), which reads:

"After a decree for alimony or other allowance, for the wife and children, or either of them, and also after a decree for the appointment of trustees, to receive and hold any property for the use of the wife or children as before provided, the court may, from time to time, on the petition of either of the parties, revise and alter such decree, respecting the amount of such alimony or allowance and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any decree respecting any of the said matters which such court might have made in the original suit."

Notwithstanding the application was for the modification of a decree recently entered, nevertheless

such modification is within the trial court's discretion. We have repeatedly held that we will not interfere with the exercise of that discretion unless it has been abused. *Austin* v. *Austin,* 308 Mich. 139, and authorities cited therein at page 142. See, also, *Stalker* v. *Stalker,* 313 Mich. 209; *Billingsley* v. *Billingsley,* 315 Mich. 417, and the quotation therein from *Bialy* v. *Bialy,* 167 Mich. 559, 565 (Ann. Cas. 1913A, 800). There is competent testimony to support the modified decree, and we cannot say, in the light of the record before us, that the trial judge abused his discretion.

The modified decree is affirmed, with costs to appellee.

SHARPE, BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.