McCARTHY v McCARTHY

Docket No. 121041. Submitted May 14, 1991, at Lansing. Decided
December 27, 1991, at 9:05 A.M.

Robert F. McCarthy brought an action in the Washtenaw Circuit
Court, seeking a divorce from Ozora McCarthy. The court,
Henry T. Conlin, J., granted the parties a divorce, awarded
temporary alimony to the defendant for two years, and specifi-
cally reserved a decision regarding final alimony. Before the
two-year term expired, the defendant petitioned the court for
continued alimony. Following a hearing, the court, Melinda
Morris, J., ordered the plaintiff to continue paying temporary
alimony for five more years in an increased amount and that,
at the end of five years, alimony could again be reviewed. The
plaintiff appealed.

The Court of Appeals *held:*

The trial court properly found that it was under no obliga-
tion to make a finding that a material change in circumstances
had occurred before awarding increased continuing alimony.
The trial court's findings of fact were not clearly erroneous,
and the increase in alimony was appropriate.

1. Where a temporary award of alimony has been entered
and the final alimony decision is expressly reserved, no change
in circumstances must be demonstrated to justify a different
award.

2. The court did not err in concluding that the plaintiff's
earnings had risen by including as income that portion of the
plaintiff's earnings that he contributed to his retirement ac-
count, an asset awarded to him as part of the property settle-
ment.

3. The court did not err in imputing an equal return to the
parties on their investments.

4. The trial court did not err in refusing to impute a teach-
er's wage to the defendant or to preclude her from receiving
alimony because she allowed her teaching certificate to lapse

REFERENCES

Am Jur 2d, Divorce and Separation §§ 583, 664.
Pension of husband as resource which court may consider in
determining amount of alimony. 22 ALR2d 1421.

after the divorce. The defendant was unable to secure a teaching position despite persistent efforts and allowed the certificate to lapse only after failing to find a teaching position.

5. The trial court considered the testimony presented by the plaintiff's expert.

6. The trial court was clearly aware that it could terminate alimony at the end of the two-year period.

Affirmed.

1. Divorce — Alimony — Modification of Judgment — Reserved Alimony Decision.

A change in circumstances need not be demonstrated to justify modification of an award of temporary alimony where the final alimony decision was expressly reserved and has not yet been made.

2. Divorce — Alimony — Income — Retirement Accounts.

The portion of a party's earnings that is contributed to a retirement account awarded to that party as part of a divorce settlement is properly considered to be income of that party for purposes of determining a request for continued alimony by the other party.

*Dykema Gossett* (by *E. Edward Hood*), for the plaintiff.

*Laird, Chin & Schwartz* (by *John R. Laird*), for the defendant.

Before: Marilyn Kelly, P.J., and MacKenzie and Gribbs, JJ.

Marilyn Kelly, P.J. This case involves interpretation of a provision in a judgment of divorce which granted alimony for two years and reserved it thereafter. Forty-one months after judgment, the trial judge awarded defendant Ozora McCarthy increased alimony for five additional years.

Plaintiff Robert McCarthy appeals arguing that the judge erroneously concluded she lacked authority to terminate alimony when the two-year period expired. He argues also that no change in circumstances existed sufficient to justify extend-

ing alimony. Plaintiff claims that, by her actions, defendant caused herself to earn less income than anticipated and that continued alimony would have a detrimental effect on her rehabilitation.

We affirm the trial judge's holding that she was under no obligation to make a finding that a material change in circumstances had occurred before awarding increased continuing alimony. We further hold that the trial court's findings of fact were not clearly erroneous and that the increase in alimony was appropriate.

Plaintiff Robert McCarthy and defendant Ozora McCarthy were divorced on February 10, 1986, following thirty years of marriage. Both were fifty-three years of age. The four children born of the marriage were adults. Plaintiff had been the "breadwinner" of the family during the marriage while defendant was the homemaker and cared for the children.

At the time of the divorce, the parties negotiated and approved the following alimony provision:

> It is further ordered and adjudged, that the Plaintiff shall pay to the Defendant . . . the sum of One Thousand Eighty Three and 00/100 ($1,083.00) Dollars per month, for a period of two (2) years from the first day of the month following the date of this Judgment of Divorce. Alimony thereafter for the Defendant is reserved and may be reviewed by the Court upon petition by the Defendant.

At the time of the divorce, defendant had earned undergraduate degrees in both elementary education and fine arts. She believed that, by the end of the two-year alimony period, she would have sufficient income from a teaching job to be self-sufficient.

Unfortunately, each of the twenty-seven job ap-

plications defendant made was rejected. Friends in the school system informed her that schools were unlikely to hire a woman of her age and education; they could hire two younger teachers for what they would be required to pay her. Defendant ultimately obtained work with the Ann Arbor Public Schools as a teacher's aide earning less than $10,000 a year.

Before the two-year period expired, defendant petitioned the court for continued alimony. After hearing testimony from the parties and from a psychologist, the judge found that defendant, although earning $4,900 more per year than when divorced, continued to require financial support.

The court also found that plaintiff's annual salary had increased $13,000, from $56,000 to $69,000. Further, the court noted that, while the living expenses of neither party were unreasonable, both had increased expenses due to the cost of living.

Based on these and other findings, the court ordered plaintiff to continue paying alimony for five more years at $1,200 per month, $117 more per month than before. At the end of the five years, alimony could again be reviewed upon the petition of either party.

Plaintiff urges that defendant failed to carry her burden of proving a change in circumstances warranting an increase in alimony.

Although the statute addressing revision of alimony does not contain a change-in-circumstances requirement, this Court has consistently applied the requirement to modification of alimony questions. See *Flager v Flager,* 190 Mich App 35; 475 NW2d 411 (1991); *Crouse v Crouse,* 140 Mich App 234, 239; 363 NW2d 461 (1985). The test is logical, because an application to modify a divorce decree is not a rehearing of the original case. See *Fischer v Fischer,* 320 Mich 176, 178; 30 NW2d 826 (1948).

However, in this matter, alimony was awarded for a fixed period in contemplation that defendant would greatly increase her earnings during the interim. The decision whether alimony would be necessary at the end of the two-year period, and if so, how much, was reserved.

This Court has held that, where the question of alimony is reserved, no change of circumstances is required as a prerequisite to an award of alimony at a later time. In *Battisti v Battisti*,[1] the trial judge did not award alimony when rendering the judgment of divorce, but reserved the question in an attempt to encourage the wife to seek employment. Two years later, as the wife was still unemployed due to health problems, the judge awarded permanent alimony.

The husband appealed arguing that there had been no change in circumstances warranting an award of alimony; the wife suffered from the same health ailments as at the time of the divorce. We rejected his argument, stating that a change in circumstances is a prerequisite to the modification of an alimony award only when an award has in fact been made. *Id.,* 264.

Here, although a temporary award of alimony had been agreed upon by the parties, the final alimony decision was expressly reserved. As in *Battisti,* we hold that no change in circumstances must be demonstrated to justify a different award.

When reservation clauses are employed, there is no presumption that the alimony recipient will continue to receive periodic payments of a predetermined amount indefinitely. Rather, once the fixed period expires, the decision previously reserved must be made according to the circumstances of the parties at that time. *Battisti, supra.*

[1] 24 Mich App 262; 180 NW2d 64 (1970).

The trial court should consider the same factors used in making the initial alimony decision. MCL 552.23; MSA 25.103; see also *Krause v Krause,* 177 Mich App 184, 190-191; 441 NW2d 66 (1989). Of course, changes in the parties' positions over the fixed period of temporary alimony are important insofar as they dictate the parties' needs and ability to pay at the end of the period. However, neither party has the burden of proving a change in circumstances warranting a revision of the temporary award.

Plaintiff also challenges various findings made by the trial court and the court's final decision. We review findings of fact for clear error. *Beason v Beason,* 435 Mich 791, 805; 460 NW2d 207 (1990); *Burkey v Burkey (On Rehearing),* 189 Mich App 72, 78; 471 NW2d 631 (1991). A finding is clearly erroneous if an appellate court is left with a definite and firm conviction that a mistake has been made. *Id.* Dispositional rulings are reviewed de novo, but we will not reverse unless convinced we would have reached a different result in the trial court's place. *Burkey,* 78.

Plaintiff claims that it was erroneous to conclude that his salary had risen to $69,000. The trial judge included as income that portion of plaintiff's earnings which he contributed to his retirement account, an asset awarded to him as part of the property settlement. We agree with the trial judge. The monies in question were derived from plaintiff's earnings. This is not a case where the court considered the income from the husband's pension in determining his ability to pay alimony. See *Walker v Walker,* 155 Mich App 405; 399 NW2d 541 (1986).

In addition, the trial court did not clearly err in imputing equal return to the parties on their investments in this case. *Beason, supra.* As the

court noted, the parties reached an agreement regarding property division. While some investments which plaintiff received showed a loss at the time of the hearing, he had elected to retain them to avoid adverse tax consequences. Presumably, he hoped to profit from the holdings over the long term. Meanwhile, he had purchased two additional properties and was taking advantage of tax benefits from the properties that were showing a loss.

Plaintiff next argues that defendant should be precluded from any alimony, because she voluntarily allowed her teaching certificate to lapse after the divorce. The testimony revealed that defendant was unable to secure a teaching position despite persistent efforts. It was only after failing to find a teaching position that she allowed the certificate to lapse. Therefore, the trial court did not err by refusing to impute a teacher's wage to defendant or to preclude her from receiving alimony.

The psychologist that testified for plaintiff at the alimony hearing opined that continued alimony would not be in defendant's best interest. Although the psychologist had never met with defendant, he testified that, since she was a recovering alcoholic, it was important for her to become financially independent of plaintiff. He suggested that a lump sum settlement would be preferable to continued monthly payments.

We disagree with plaintiff's assertion that the trial judge failed to consider the expert's testimony. The trial court discussed it at length.

Finally, plaintiff's contention that the judge failed to recognize her authority to terminate alimony payments is without merit. The record clearly indicates that the judge knew that she could bar alimony at the end of the two-year

period. See *Zecchin v Zecchin,* 149 Mich App 723, 735-736; 386 NW2d 652 (1986).

On the record as a whole, we find that the trial court's findings of fact were not clearly erroneous and that the decision to award increased additional alimony was appropriate. *Burkey, supra,* 78-80.

Affirmed.