# STATE OF MICHIGAN

# COURT OF APPEALS

STEPHEN O'NEIL,

      Plaintiff-Appellant,

v

SHERRY O'NEIL,

      Defendant-Appellee.

UNPUBLISHED
February 11, 2016

No. 324290
Macomb Circuit Court
LC No. 2001-005405-DM

Before: CAVANAGH, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

In this post-judgment divorce proceeding, plaintiff appeals as of right the trial court's order adopting the binding arbitration award that denied plaintiff's motion for a reduction of his spousal support obligation and granted defendant's motion for an increase in spousal support. We affirm.

In 2002, after 22 years of marriage, the parties divorced pursuant to a consent judgment of divorce. As part of the consent judgment, plaintiff agreed to pay defendant permanent spousal support of $565 per week, which equaled approximately 41% of his annual income of $72,000. In 2004, after plaintiff's annual income was reduced to $50,000 due to a loss of his prior employment, plaintiff moved to reduce his support obligation and, pursuant to the parties' agreement, the court entered a stipulated order reducing his support obligation proportionate to his reduction in income to $400 per week. In 2012, plaintiff moved for a further reduction in his spousal support obligation, arguing that the change in the parties' circumstances since 2004 warranted a reduction. Specifically, plaintiff alleged that he relocated to California where the cost of living was significantly higher, remarried, and now supported his wife. On the other hand, plaintiff argued, defendant's income had increased and she received additional support from her fiancé and her adult son who resided with her. Defendant generally denied plaintiff's allegations and filed a counter-motion for restoration of plaintiff's spousal support obligation to $2,448.33 per month, the amount awarded in the consent judgment of divorce, on the basis that plaintiff's employment income had increased significantly since 2004 (at the time he filed his motion, plaintiff was earning in excess of $75,000). In July 2013, while the motions were pending, plaintiff relocated to North Carolina and his employment income increased to $92,000 per year.

-1-

The parties eventually agreed to submit the matter of spousal support modification to binding arbitration. In June 2014, the arbitrator issued his decision denying plaintiff's motion for a reduction of his support obligation, granting defendant's counter-motion, and awarding an increase in plaintiff's support obligation to $2,683.33 per month. Plaintiff moved to vacate the arbitration award, arguing that the arbitrator exceeded his authority by failing to apply controlling principles of law, while defendant moved for entry of the arbitrator's award. After a hearing, the trial court entered an order adopting the arbitration award. This appeal followed.

"This Court reviews de novo a circuit court's decision to enforce, vacate, or modify an arbitration award." *Cipriano v Cipriano*, 289 Mich App 361, 368; 808 NW2d 230 (2010). "Whether an arbitrator exceeded his authority is also reviewed de novo." *Washington v Washington*, 283 Mich App 667, 672; 770 NW2d 908 (2009). Judicial review of domestic relations arbitration awards is extremely limited. *Id.* The applicable standard of review is as follows:

> A reviewing court may not review the arbitrator's findings of fact, and any error of law must be discernible on the face of the award itself. By "on its face" we mean that only a legal error that is evident without scrutiny of intermediate mental indicia, will suffice to overturn an arbitration award. Courts will not engage in a review of an arbitrator's mental path leading to [the] award. Finally, in order to vacate an arbitration award, any error of law must be so substantial that, but for the error, the award would have been substantially different. [*Id.* at 672-673 (internal quotations and citations omitted).]

Plaintiff claims that the trial court erred in declining to vacate the arbitration award because the arbitrator exceeded his powers by failing to follow controlling principles of Michigan law in increasing his spousal support obligation.[1] "Domestic-relations arbitration is governed by the specific statutory scheme set forth in the domestic relations arbitration act (DRAA)," MCL 600.5070 *et seq. Cipriano*, 289 Mich App at 367. "Under the DRAA, parties to a domestic-relations proceeding may stipulate to submit their disputed issues to binding arbitration, including issues of property division, alimony, child support, custody, and visitation." *Id.* "The purpose of arbitration is to avoid protracted litigation." *Id.*

"The DRAA [MCL 600.5081(2)] delineates the circumstances in which a court must vacate an arbitration award." *Id.* Pertinent here, a court must vacate an arbitration award where the arbitrator exceeded his authority. MCL 600.5081(2)(c); *Cipriano*, 289 Mich App at 368. "'[A]rbitrators have exceeded their powers whenever they act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law.'" *Washington*, 283 Mich App at 672, quoting *Dohanyos v Detrex Corp*, 217 Mich App 171, 176; 550 NW2d 608 (1996). "Pursuant to MCL 600.5081(2)(c), then, a party seeking to prove that a domestic relations arbitrator exceeded his or her authority must show that

---

[1] The parties' arbitration agreement provides: "In deciding these issues presented to the Arbitrator, the Arbitrator shall apply and be bound by principles of Michigan law applicable to such matters."

the arbitrator either (1) acted beyond the material terms of the arbitration agreement or (2) acted contrary to controlling law." *Washington*, 283 Mich App at 672. "In order for a court to vacate an arbitration award because of an error of law, the error must have been so substantial that, but for the error, the award would have been substantially different." *Cipriano*, 289 Mich App at 368, citing *Washington*, 283 Mich App at 672.

Whether the arbitrator's modification of plaintiff's spousal support obligation contravenes Michigan law requires this Court to review the controlling principles of law governing modification of spousal support. *Washington*, 283 Mich App at 673. "MCL 552.28 creates a statutory right for either party to seek modification of spousal support." *Loutts v Loutts (After Remand) (Loutts II)*, 309 Mich App 203, 210; 871 NW2d 298 (2015). MCL 552.28 provides, in pertinent part:

> On petition of either party, after a judgment for alimony or other allowance for either party or a child . . . the court may revise and alter the judgment . . . and may make any judgment respecting any of the matters that the court might have made in the original action.

"[A]n application to modify a divorce decree is not a rehearing of the original case." *McCarthy v McCarthy*, 192 Mich App 279, 282; 480 NW2d 617 (1991). To warrant modification, "the moving party first must establish new facts or changed circumstances arising since the prior order regarding support was issued." *Luckow Estate v Luckow*, 291 Mich App 417, 424; 805 NW2d 453 (2011); see also *Loutts II*, 309 Mich App at 213. Thus, a motion for modification of spousal support requires "an evaluation of the circumstances as they exist at the time modification is sought." *Laffin v Laffin*, 280 Mich App 513, 519; 760 NW2d 738 (2008). "If the court finds that a party has established a change in circumstances, it 'must then make factual findings from which to conclude whether the alimony should be modified and, if so, by what amount.'" *Luckow*, 291 Mich App at 424, quoting *Flager v Flager*, 190 Mich App 35, 37; 475 NW2d 411 (1991). "'The object in awarding spousal support is to balance the incomes and needs of the parties so that neither will be impoverished; spousal support is to be based on what is just and reasonable under the circumstances of the case.'" *Loutts v Loutts (Loutts I)*, 298 Mich App 21, 26; 826 NW2d 152 (2012), quoting *Berger v Berger*, 277 Mich App 700, 726; 747 NW2d 336 (2008). A court considers many factors in determining spousal support, including, where relevant:

> (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, (12) a party's fault in causing the divorce, (13) the effect of cohabitation on a party's financial status, and (14) general principles of equity. [*Loutts I*, 298 Mich App at 32 (citations and quotation marks omitted).]

We find no basis on the face of the award to conclude that the arbitrator's award contravened these controlling principles of Michigan law. See *Washington*, 283 Mich App at 672-673. First, we disagree with plaintiff's primary contention that the arbitrator's increase in the spousal support obligation, despite an absence of convincing evidence of defendant's needs, contravened Michigan law. Instead, it is apparent from the face of the arbitration award that the arbitrator acted in accordance with Michigan law by considering the respective positions of the parties and how their circumstances have changed since the latest modification order in 2004. *Loutts II*, 309 Mich App at 213. Specifically, the arbitrator found that plaintiff's income had increased since 2004 (from $50,000 to $92,000), the time of the latest modification, and was likely to continue to grow. Plaintiff now earned three times the income of defendant and his standard of living had improved, while defendant's salary increases had been "nominal," her standard of living had remained "stagnant," and her income would remain "relatively stagnant." Considering these factual findings, which are not reviewable by this Court, *Washington*, 283 Mich App at 672, 674, it is apparent that the arbitrator concluded that plaintiff's financial position improved significantly relative to defendant's position, thereby justifying an increase in permanent spousal support on the basis of these changed circumstances in accord with Michigan law. See *Loutts II*, 309 Mich App at 213; *Luckow*, 291 Mich App at 424; MCL 552.28 (the court has the authority to modify post-judgment spousal support based on changed circumstances arising since the prior order was issued). We cannot engage in a review of an " 'arbitrator's mental path to [the] award.' " *Washington*, 283 Mich App at 672, quoting *Krist v Krist*, 246 Mich App 59, 67; 631 NW2d 53 (2001), quoting *DAIIE v Gavin*, 416 Mich 407, 429; 331 NW2d 418 (1982).

Next, we disagree with plaintiff's contention that the spousal support award contravenes Michigan law because it serves to impoverish him as he has been unable to save for retirement, while defendant has significant savings and retirement income. "'The object in awarding spousal support is to balance the incomes and needs of the parties so that neither will be impoverished." *Loutts I*, 298 Mich App at 26, quoting *Berger*, 277 Mich App at 726. Although the arbitrator made no specific findings regarding the level of spousal support in relation to the parties' current expenses or plaintiff's ability to save for retirement, it is apparent from the face of the award that the arbitrator recognized Michigan law, stating that a spousal support award should not serve to impoverish the parties, *Loutts I*, 298 Mich App at 26. The arbitrator considered that plaintiff's income was substantially more than defendant's income and had the potential to continue to grow, while defendant's income would remain relatively stagnant. Given these factual findings, which are not reviewable by this Court, *Washington*, 283 Mich App at 672, 674, it is not apparent from the face of the award that the arbitrator's decision serves to impoverish plaintiff in contravention of controlling principles of law as he alleges. Again, we cannot engage in a review of an " 'arbitrator's mental path to [the] award.' " *Id.* at 672, quoting *Krist*, 246 Mich App at 67, quoting *Gavin*, 416 Mich at 429.

We also disagree with plaintiff's contention that the arbitrator contravened controlling law by failing to balance the income and needs of the parties and/or failing to base his decision on what is "'just and reasonable under the circumstances[.]'" *Loutts I*, 298 Mich App at 26, quoting *Berger*, 277 Mich App at 726. To the contrary, the arbitrator specifically considered the equity of the situation, including the significant disparity in income between the parties, and that (1) plaintiff's income will continue to grow while defendant's will remain relatively stagnant; (2) plaintiff has associates and engineering degrees that he earned during the parties' marriage; and

(3) the original spousal support obligation was 41% of his income.[2]  The arbitrator concluded: "it seems rather unfair that [p]laintiff, having earned his degrees and ability to maintain a better income during the marriage, would be left with three times the gross income of defendant." Notably, the arbitrator's award, which equals approximately 35% of plaintiff's current gross income, did not substantially alter the balance of assets and income that the parties agreed to at the time of the divorce, which obviously contemplated that defendant's financial situation warranted support by plaintiff indefinitely, until death or remarriage, equal to 41% of plaintiff's income, and was also in accord with the parties' 2004 stipulated agreement, which reduced plaintiff's spousal support obligation proportionally to the reduction in his income.  Although as plaintiff asserts, under the arbitration award, he receives less of the parties' combined gross incomes, this has always been the case since the divorce, and thus the current award comports with the equities upon which the original spousal support award was founded and does not contravene controlling principles of law.  See *Luckow*, 291 Mich App at 425-426.

Finally, we disagree with plaintiff's assertions that the arbitrator contravened controlling principles of law by ignoring the parties' ages, the source and amount of property awarded to the parties in the divorce, and his ability to pay support considering his recent remarriage.  Initially, we note, contrary to plaintiff's argument, Michigan law does not require the arbitrator to consider every factor, but only requires consideration of factors relevant to the circumstances of the case.  See *Loutts I*, 298 Mich App at 32; *Ianitelli v Ianitelli*, 199 Mich App 641, 643; 502 NW2d 691 (1993).

Under the circumstances of this case, the arbitrator's finding that the source and amount of property awarded to the parties in the divorce "has no bearing on this date" does not contravene controlling principles of Michigan law.  "[A]n application to modify a divorce decree is not a rehearing of the original case." *McCarthy*, 192 Mich App at 282.  Instead, "[t]o warrant modification the moving party first must establish new facts or changed circumstance arising since the prior order regarding support was issued." *Luckow*, 291 Mich App at 424; see also *Loutts II*, 309 Mich App at 213.  Here, that defendant received the marital home and then sold it in 2002, shortly after the divorce, and plaintiff received the interest in a partnership that dissolved in 2004 are clearly not new facts or changed circumstances arising since the entry of the prior modification order reducing his support obligation in December 2004 and the arbitrator's failure to consider these facts did not contravene controlling law.[3]  See *Washington*, 283 Mich App at 672.

Further, under the circumstances of this case, the arbitrator's failure to consider the "exact ages" of the parties did not contravene Michigan law.  *Id.*  Pursuant to the consent judgment of divorce, plaintiff agreed to pay spousal support indefinitely for the entirety of

---

[2] Although plaintiff asserts that the arbitrator's finding that the parties agreed that he would pay 41% of his gross income was contrary to the testimony of both parties, an arbitrator's factual findings are not reviewable by this Court.  See *Washington*, 283 Mich App at 672, 674.

[3] In fact, the alleged change of circumstances justifying plaintiff's motion to reduce support in 2004 was the dissolution of the partnership that employed him.

defendant's lifetime, and thus the ages of the parties, in and of itself, could not have been a changed circumstance that was unanticipated by plaintiff to warrant a reduction in spousal support. See *Stroud v Stroud*, 450 Mich 542, 550; 542 NW2d 582 (1995); *Luckow*, 291 Mich App at 424.

Further, we disagree with plaintiff's argument that the arbitrator ignored the expenses of the parties and whether he has sufficient funds to support himself and his current wife. It is apparent from the face of the award that the arbitrator recognized that plaintiff had remarried and considered the needs of the parties, but found that "[n]either party presented convincing evidence regarding their respective needs" and that plaintiff can afford a spousal support increase. These are factual determinations that are not reviewable by this Court, *Washington*, 283 Mich App at 672, 674, and, given the arbitrator's explicit findings, it can be assumed that he considered plaintiff's ability to pay spousal support in light of his recent remarriage. Again, we cannot engage in a review of an "'arbitrator's mental path to [the] award.'" *Id.* at 672, quoting *Krist*, 246 Mich App at 67, quoting *Gavin*, 416 Mich at 429.

In conclusion, we find nothing "on the face of the arbitrator's award that evinces an error of law." *Washington*, 283 Mich App at 674-675. Instead, it is evident from the face of the award that the arbitrator explicitly considered the parties' arguments and evidence, and based his decision on controlling legal principles pertaining to the matter of spousal support. Because we are limited to examining the face of an arbitration ruling and no errors of law are apparent, there is no basis to conclude that the arbitrator exceeded his authority in awarding the increase in spousal support.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Michael J. Riordan
/s/ Michael F. Gadola