*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RITA F. GALLAGHER,

      Plaintiff-Appellee,

UNPUBLISHED
February 21, 2019

v

JOHN E. GALLAGHER,

      Defendant-Appellant.

No. 340580
Oakland Circuit Court
Family Division
LC No. 1980-205079-DM

Before: SWARTZLE, P.J., and MARKEY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] a post-judgment order awarding plaintiff spousal support 37 years after the parties were divorced. We vacate the order.

On appeal, defendant argues that the trial court erred in awarding $2,500 in monthly spousal support to plaintiff 37 years after entry of the divorce judgment. Defendant contends that plaintiff failed to demonstrate a change of circumstances other than the dissipation of assets received in the consent judgment of divorce, and this did not suffice under the express language of the judgment. Defendant further maintains that the spousal support award was unsupported by the evidence and inequitable. We agree that the award was inequitable.

We review a trial court's award of spousal support for an abuse of discretion. *Loutts v Loutts*, 298 Mich App 21, 25; 826 NW2d 152 (2012). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Woodington v Shokoohi*, 288 Mich App 352, 355; 792 NW2d 63 (2010). Any findings of fact relating to the award are reviewed for clear error. *Id.* A finding of fact "is clearly erroneous if, after a review of the entire record, the reviewing court is left with the definite and firm conviction that a

---

[1] *Gallagher v Gallagher*, unpublished order of the Court of Appeals, entered on March 15, 2018 (Docket No. 340580).

mistake was made." *Id.* "If the trial court's findings are not clearly erroneous, we must determine whether the dispositional ruling was fair and equitable under the circumstances of the case." *Loutts*, 298 Mich App at 26. This Court "must affirm the trial court's dispositional ruling unless we are convinced that it was inequitable." *Id.* A consent judgment of divorce is a contract and treated as such, and we review de novo as a question of law the proper construction of a contract. *Andrusz v Andrusz*, 320 Mich App 445, 452; 904 NW2d 636 (2017).

MCL 552.23(1) contemplates a case-by-case approach in determining an award of spousal support. *Loutts*, 298 Mich App at 29-30. "The primary purpose of spousal support is to balance the parties' incomes and needs so that neither party will be impoverished, and spousal support must be based on what is just and reasonable considering the circumstances of the case." *Id.* at 32. A court should consider all relevant factors in determining an appropriate award of spousal support, including:

> (1) the past relations and conduct of the parties; (2) the length of the marriage; (3) the abilities of the parties to work; (4) the source and the amount of property awarded to the parties; (5) the parties' ages; (6) the abilities of the parties to pay support; (7) the present situation of the parties; (8) the needs of the parties; (9) the parties' health; (10) the parties' prior standard of living and whether either is responsible for the support of others; (11) the contributions of the parties to the joint estate; (12) a party's fault in causing the divorce; (13) the effect of cohabitation on a party's financial status; and (14) general principles of equity. [*Woodington*, 288 Mich App at 356 (citation omitted).]

"Spousal support does not follow a strict formula." *Loutts*, 298 Mich App at 30.

In the instant case, the consent judgment of divorce contained the following relevant provision:

> IT IS FURTHER ORDERED that alimony is reserved as to Plaintiff and forever barred as to Defendant. This reservation shall terminate upon Plaintiff's remarriage or death. However, dissipation of the assets received by Plaintiff pursuant to this Judgment of Divorce shall not constitute a change of circumstances warranting the payment of alimony. Plaintiff shall not petition the court for the payment of alimony more than once in any given year except in a clear emergency situation.

Defendant first argues that the trial court erred in making the award of spousal support because a change of circumstances had to be shown, other than plaintiff's dissipation of the assets she received in the divorce, and plaintiff failed to make the requisite showing. Plaintiff, however, contends that she was not required to demonstrate a change of circumstances as a prerequisite to obtaining spousal support.

"This Court has held that, where the question of alimony is reserved, no change of circumstances is required as a prerequisite to an award of alimony at a later time." *McCarthy v McCarthy*, 192 Mich App 279, 283; 480 NW2d 617 (1991). "Unambiguous contracts must simply be enforced as they are written, absent a handful of extremely unusual circumstances like fraud, duress, or illegality." *Andrusz*, 320 Mich App at 453. If, however, the provisions of a contract irreconcilably conflict or can be reasonably understood as meaning different things, the

contract is deemed ambiguous as a matter of law, with its proper meaning becoming a question of fact. *Id.* Here, the spousal support clause in the consent divorce judgment reflected that the parties intended to require a change of circumstances before plaintiff could be awarded spousal support, unless the change entailed the dissipation of the assets plaintiff received. This language is clear and unambiguous.

Plaintiff needed to demonstrate a change of circumstances other than asset dissipation. Plaintiff met this burden, considering that defendant had amassed over $3 million in assets since the parties' divorce. Additionally, when the couple divorced, plaintiff was working, but she is now approximately 81 years old, no longer works, and subsists on the $2,254 per month that she receives from her pension and in Social Security benefits. Establishing a change of circumstances after 37 years was a fairly easy hurdle to jump.

Even though plaintiff demonstrated a change of circumstances, awarding her spousal support was not fair and equitable under the circumstances presented. The parties had been divorced for 37 years before plaintiff moved for spousal support. The parties were only married for 22 years. At the time of the divorce, the marital assets were divided equally. Plaintiff worked full-time at Beaumont Hospital for nearly 20 years after the divorce, but she did not save more than a couple of thousand dollars in her 401(k) account. Then, she later used the money to buy her current home. The most money plaintiff ever earned in a year was approximately $53,000. She received around $100,000 from the combined estates of her son and mother after their deaths. As noted above, plaintiff receives $2,254 each month from her pension and in Social Security benefits. She drives a vehicle with a sticker price of approximately $32,000. She pays about $287 per month to lease the vehicle after having made an initial payment of $6,000.

Defendant, on the other hand, retired from full-time employment with General Motors about six years after the parties' divorce because he was battling cancer. When defendant retired, he was making approximately $50,000 a year. Defendant accurately describes himself as "an astute investor," and the majority of his assets are in a Fidelity investment portfolio worth over $2,000,000. Despite his wealth, defendant lives fairly modestly; he drives older vehicles; owns small homes in Florida and Michigan, and lives off the approximately $3,800 that he receives monthly by way of an annuity, Social Security benefits, and investments.

The trial court's award of spousal support rewarded plaintiff for being a spendthrift and her failure to save for retirement. Conversely, it punished defendant for his investment skills and relative frugality. It is simply inequitable to redistribute defendant's assets to plaintiff 37 years after the divorce because of decisions plaintiff made during the many ensuing years since the divorce judgment was entered. Indeed, an award of any amount of spousal support under these circumstances would be inequitable. Accordingly, the trial court abused its discretion when it awarded plaintiff spousal support.

We vacate the trial court order. We do not retain jurisdiction. Having fully prevailed on appeal, defendant may tax costs under MCR 7.219.

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ Amy Ronayne Krause

-3-