*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AHMED ALMESHAL,

   Plaintiff-Appellee,

v

WESTFIELD INSURANCE COMPANY and
AMERICAN SELECT INSURANCE COMPANY,

   Defendants-Appellants.

UNPUBLISHED
February 10, 2026
12:14 PM

No. 373061
Macomb Circuit Court
LC No. 2020-002378-NF

Before: GADOLA, C.J., and CAMERON and RICK, JJ.

PER CURIAM.

Defendants appeal as of right the order denying their motion to vacate an arbitration award, and granting plaintiff's motion to enforce the same. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was injured in a motor vehicle accident after he was allegedly struck by an unidentified hit-and-run driver who fled the scene. Plaintiff brought suit against defendants, who insured his vehicle, seeking personal protection insurance (PIP) benefits and un- or underinsured motorist (UM/UIM) benefits. The parties agreed to arbitrate plaintiff's PIP claim, while his UM/UIM claim proceeded to trial. A jury determined that plaintiff was not entitled to UM/UIM benefits, answering "no" to the question: "Did a hit-and-run vehicle whose owner and operator cannot be identified hit a vehicle occupied by Plaintiff on July 13, 2019?"

The arbitration panel later awarded plaintiff damages for his PIP claim, rejecting defendants' arguments that the UM/UIM verdict precluded the PIP claim under the doctrines of res judicata and collateral estoppel. In so reasoning, the arbitration panel concluded that these doctrines did not apply because the question answered by the jury on the verdict form did not address "an issue to be decided by the fact finder in the PIP claim."

Defendants moved to vacate the arbitration award, claiming that the arbitration panel exceeded its powers and disregarded controlling law by failing to apply the doctrines of collateral estoppel and res judicata. Plaintiff moved to enforce the arbitration award, arguing that the

-1-

arbitrators correctly determined that res judicata and collateral estoppel did not preclude plaintiff's PIP claim and the award should be enforced. The trial court found that the arbitrators did not exceed their power, denied defendants' motion to vacate, and granted plaintiff's motion to enforce. This appeal followed.

## II. STANDARDS OF REVIEW

"This Court reviews de novo a trial court's ruling on a motion to vacate or modify an arbitration award." *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009). "Whether an arbitrator exceeded his or her authority is also reviewed de novo." *Id*. at 672. Additionally, the application of res judicata and collateral estoppel are legal issues that are reviewed de novo. *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*, 346 Mich App 197, 202; 12 NW3d 20 (2023).

## III. ANALYSIS

Defendants argue that the arbitration panel and the trial court erroneously concluded that the doctrines of res judicata and collateral estoppel did not preclude plaintiff's PIP claim. We disagree.[1]

Generally, review of an arbitration award is limited. *TSP Servs, Inc v Nat'l-Std, LLC*, 329 Mich App 615, 619; 944 NW2d 148 (2019). Courts may only reverse an arbitrator's decision where it is clear the arbitrator made an error of law. *Id*. at 620. Under MCL 691.1703(1)(d), an arbitration award must be vacated if the arbitrator exceeded his or her powers. An arbitrator exceeds his or her powers when he or she acts in contravention of controlling law. *Cipriano v Cipriano*, 289 Mich App 361, 373; 808 NW2d 230 (2010). This Court has previously held that:

> In order for a court to vacate an arbitrator award because of an error of law, the error must have been so substantial that, but for the error, the award would have been substantially different. Any such error must be readily apparent on the face of the award without second-guessing the arbitrator's thought processes, and the arbitrator's findings of fact are immune from review altogether. [*Eppel v Eppel*, 322 Mich App 562, 572; 912 NW2d 584 (2018) (quotation marks and citations omitted).]

Both the legal doctrines of res judicata and collateral estoppel may be used to preclude a party from relitigating a claim or issue. *C-Spine Orthopedics*, 346 Mich App at 203. "Courts use the doctrine of res judicata to prevent multiple suits litigating the same cause of action." *Id*.

> Res judicata requires that (1) the prior action was decided on the merits, (2) the decree in the prior action was a final decision, (3) the matter contested in the second

---

[1] Defendants also argue the trial court erred when it held that it lacked the authority to vacate the arbitration award. This argument is belied by the record; the trial court expressly found that the arbitrators did not exceed their power in determining that plaintiff's PIP claim was not precluded by the UM/UIM verdict.

case was or could have been resolved in the first, and (4) both actions involved the same parties or their privies. [*Peterson Novelties, Inc v Berkley*, 259 Mich App 1, 10; 672 NW2d 351 (2003).]

Res judicata "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004). "The burden of establishing the applicability of res judicata is on the party asserting the doctrine." *Richards v Tibaldi*, 272 Mich App 522, 531; 726 NW2d 770 (2006).

There is no dispute that plaintiff's UM/UIM claim was decided on the merits, the jury issued a final decision, and both the UM/UIM and PIP actions involved the same parties. It is illogical, however, to conclude that plaintiff's PIP claim could have been resolved at the UM/UIM trial given that both parties agreed to resolve the PIP claim in arbitration. Indeed, plaintiff initially brought both his PIP and UM/UIM claims in the same action before the trial court ordered the claims be split, consistent with the parties' arbitration agreement. Defendants fail to explain how plaintiff could have resolved the PIP claim during the UM/UIM case after the trial court ordered the parties to arbitrate the PIP claim. Thus, plaintiff's PIP claim was not barred by res judicata.

"Whereas res judicata involves preclusion of an entire claim, collateral estoppel focuses on preclusion of a specific issue." *C-Spine Orthopedics*, 346 Mich App at 204.

Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in that prior proceeding. Collateral estoppel is a flexible rule intended to relieve parties of multiple litigation, conserve judicial resources, and encourage reliance on adjudication.

Generally, application of collateral estoppel requires (1) *that a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment*, (2) that the same parties had a full and fair opportunity to litigate the issue, and (3) mutuality of estoppel. [*Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 528-529; 866 NW2d 817 (2014), lv den 498 Mich 853 (2015) (citations omitted, emphasis added).]

The no-fault act, MCL 500.3101 *et seq.*, requires an insurer to pay PIP benefits for "accidental bodily injury arising out of the use of a motor vehicle," subject to the provisions of the no-fault act. *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 490; 835 NW2d 363 (2013). PIP benefits are payable for "[a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services, and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). "A person injured in an accident arising from the ownership, operation, or maintenance of a motor vehicle as a motor vehicle is immediately entitled to PIP benefits without the need to prove fault." *Adam v Bell*, 311 Mich App 528, 534; 879 NW2d 879 (2015), citing MCL 500.3105(2) and MCL 500.3107.

By contrast, "an injured person's claim for [UM] benefits involves compensation for past and future pain and suffering and other economic and noneconomic losses rather than compensation for immediate expenses related to the injured person's care and recovery." *Id*. at 535. To establish the right to UM benefits, "an injured person must—as provided in the insurance agreement—be able to prove fault: he or she must be able to establish that the uninsured motorist caused his or her injuries and would be liable in tort for the resulting damages." *Id*. Thus, the burden of proof governing an UM claim is higher than that of a PIP claim.

Defendants contend that collateral estoppel precludes plaintiff's PIP claim because the jury in the UM/UIM case found that no accident occurred. Defendants oversimplify the jury's verdict. The UM/UIM jury responded "no" to the question: "Did a hit-and-run vehicle whose owner and operator cannot be identified hit a vehicle occupied by Plaintiff on July 13, 2019?" This verdict does not address an essential question of plaintiff's PIP claim; i.e., whether *any* accident occurred as a result of plaintiff's use of his motor vehicle, or whether plaintiff was injured. Instead, the jury only determined that plaintiff was not hit by a hit-and-run vehicle whose owner and operator could not be identified—an element that was only required in the UM/UIM case.[2] Because a question of fact essential to plaintiff's PIP claim was not actually litigated and determined by the judgment in the UM/UIM case, collateral estoppel does not apply. Accordingly, the arbitrators did not exceed their authority by acting contrary to controlling law. *Cipriano*, 289 Mich App at 373.

Affirmed.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Michelle M. Rick

---

[2] Defendants rely on *Radwan v Ameriprise Ins Co*, 327 Mich App 159; 933 NW2d 385 (2018), but *Radwan* is distinguishable. The jury in *Radwan* found no cause of action for the plaintiff's third-party suit against the other driver, because the plaintiff was not injured. *Id*. at 162. This Court held that the plaintiff's first-party PIP claim in arbitration was barred by collateral estoppel because the third-party-claim jury had already determined an essential question to the first-party-PIP claim, i.e., whether the plaintiff sustained an injury. *Id*. at 173. Unlike *Radwan*, the specific question answered by the jury regarding plaintiff's UM/UIM claim was not an element plaintiff needed to prove for his PIP claim.